No. 24-242

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

In re UNITED BEHAVIORAL HEALTH,

*Petitioner.*

_____

UNITED BEHAVIORAL HEALTH,

*Petitioner-Defendant,*

v.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA,

*Respondent,*

DAVID WIT and GARY ALEXANDER, et al.,

*Real-Parties-In-Interest-Plaintiffs.*

On Petition for a Writ of Mandamus to the United States
District Court for the Northern District of California
Nos. 14-cv-2346, 14-cv-5337 | Hon. Joseph C. Spero

**REAL-PARTIES-IN-INTEREST-PLAINTIFFS' OPPOSITION
TO PETITIONER'S MOTION FOR LEAVE TO FILE REPLY**

| | |
|---|---|
| Caroline E. Reynolds | D. Brian Hufford |
| David A. Reiser | Jason S. Cowart |
| **ZUCKERMAN SPAEDER LLP** | **ZUCKERMAN SPAEDER LLP** |
| 1800 M Street, N.W. | 485 Madison Avenue |
| Suite 1000 | 10th Floor |
| Washington, D.C. 20036 | New York, NY 10022 |
| (202) 778-1800 | (212) 704-9600 |

*Attorneys for Real-Parties-in-Interest-Plaintiffs*

*[Additional Counsel on Following Page]*

Meiram Bendat
**PSYCH-APPEAL, INC.**
7 West Figueroa Street
Suite 300
PMB #300059
Santa Barbara, CA 93101
(310) 598-3690, x.101

*Attorneys for Real-Parties-in-Interest-Plaintiffs*

UBH claims that the purpose of its motion for leave to file a reply in support of its mandamus petition is to correct purported misstatements of law in the response to the petition. But rather than identifying specific misstatements and correcting them,[1] UBH has simply taken the opportunity to embellish its petition arguments. Mandamus is extraordinary relief, and a party that cannot establish grounds for it in the petition is not entitled to extra time and extra words to make its case in a reply.[2]

Rather than correcting supposed misstatements of law by Plaintiffs, UBH's Proposed Reply makes its own.

Effectively conceding that the mandate does not clearly direct outright dismissal of the denial of benefits claims for *all* class members

---

[1] In its Proposed Reply, UBH does claim Plaintiffs made a "bald-faced misrepresentation" *to the district court*. ECF No. 16 at 5. But the statement Plaintiffs actually made was true. As the district court noted in discussing the parties' positions on the scope of the remand, Plaintiffs pointed out that once the district court clarified that it did not misinterpret the plans to cover all services within generally accepted standards of care, its *plan interpretation* would be wholly affirmed with respect to both claims. App.14-15; *see also* Pls.' Opening Br. on Scope of Remand, Dist. ECF No. 612, at 16-17.

[2] The Court sometimes authorizes a reply in its order directing a response, but it did not do so in this case.

1

including the named Plaintiffs, UBH argues that in mandate enforcement cases, the district court's error doesn't have to be clear, Proposed Reply 3-4, although it does not dispute that nearly every other Circuit has said that it does. *See* Pls. Opp. to Pet., ECF No. 14.1, at 2-3 n.1.[3] The issue is not whether this Circuit's *Bauman* factors apply to mandate enforcement cases, but whether the Supreme Court's clear error standard for mandamus relief applies. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 381 (2004) (petitioner must show "'that [his] right to issuance of the writ is clear and indisputable.'") (quoting *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 403 (1976)).[4] Whether the district court's error was clear was not at issue in *Vizcaino*, because the prior appeal clearly directed relief to the entire certified (and unchallenged-on-appeal) class,

---

[3] UBH says this Court could have been clearer about ordering a conditional reversal of the judgment (Proposed Reply, ECF No. 16, at 6), but even if that is true, the opinion still does not contain any clear instruction to dismiss like the Court provided in *In re: United States*, No. 24-684 (9th Cir. May 1, 2024), slip op. at 4 (Supp.App.50).

[4] There is also an intra-Circuit disagreement about whether *Vizcaino* carves out a categorical exception to *Bauman* for mandate enforcement cases. *See Pit River Tribe v. U.S. Forest Serv.*, 615 F.3d 1069, 1079 & n.1 (9th Cir. 2010) (acknowledging disagreement and applying *Bauman*); *see also All. for the Wild Rockies*, 601 F. App'x 488, 492 n.3 (9th Cir. 2015) (Bea, J., concurring) (describing *Pit River* as applying *Bauman* to mandate enforcement).

2

and the district court just as clearly violated that directive by narrowing the class. *Vizcaino v. U.S. Dist. Ct.*, 173 F.3d 713, 721 (9th Cir. 1999). And, both before and after *Vizcaino*, this Court has consistently stated that clear error is a predicate for mandamus relief, except in the special category of supervisory mandamus for important issues of first impression, which by definition cannot be clear error. *Calderon v. U.S. Dist. Ct.*, 163 F.3d 530, 534 (9th Cir. 1998) (en banc), *abrogated on other grounds*, 538 U.S. 202 (2003); *U.S. v. Sanchez-Gomez*, 859 F.3d 649, 656 (9th Cir. 2017), *vacated and remanded on other grounds*, 584 U.S. 381 (2018); *In re Kirkland*, 75 F.4th 1030, 1041 (9th Cir. 2023).

Nothing in UBH's Proposed Reply changes the fact that UBH cannot point to any words in the Court's mandate dismissing the denial of benefits claims across the board or prohibiting consideration of a motion to certify a subclass limited to class members who meet the reprocessing standard articulated in the Court's opinion. *See Ryan S. v. United Health Group*, 98 F.4th 965, 970 n.2 (9th Cir. 2024). UBH's denial letters (of which UBH insisted on producing only a limited sample for trial) are required by law to state why UBH made its coverage decision, and as such, they are sufficient to meet the causation standard for

3

reprocessing implicit in Section IV of the Court's opinion. Whether Plaintiffs can make the showing Rule 23 requires for certification of a reprocessing subclass is something to be determined in the first instance by the district court once it has the motion before it.[5] This Court's Rules Enabling Act rationale for reversing the prior certification does not resolve those Rule 23 questions.

## CONCLUSION

UBH's motion for leave to file a reply should be denied.

Dated: May 23, 2024

Respectfully submitted,

*/s/ Caroline E. Reynolds*
D. Brian Hufford
Jason S. Cowart
**ZUCKERMAN SPAEDER LLP**
485 Madison Avenue, 10th Floor
New York, NY 10022
Telephone: (212) 704-9600
Facsimile: (212) 704-4256
dbhufford@zuckerman.com
jcowart@zuckerman.com

---

[5] Because the district court would necessarily order any such modification to the certified classes before entering any new final judgment, Fed. R. Civ. P. 23(c)(1)(C) does not bar narrowing of the class to conform to the reprocessing standards in the Court's opinion.

4

Caroline E. Reynolds
David A. Reiser
**ZUCKERMAN SPAEDER LLP**
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone: (202) 778-1800
Facsimile: (202) 822-8106
creynolds@zuckerman.com
dreiser@zuckerman.com

Meiram Bendat
**PSYCH-APPEAL, INC.**
7 West Figueroa Street
Suite 300
PMB #300059
Santa Barbara, CA 93101
Telephone: (310) 598-3690, x.101
Facsimile: (888) 975-1957
mbendat@psych-appeal.com

## CERTIFICATE OF COMPLIANCE

The foregoing document complies with Rule 27 because it contains 853 words excluding the parts exempted by Rule 32(f). The foregoing document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

/s/ <i>Caroline E. Reynolds</i><br>
Caroline E. Reynolds

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2024, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit using the Appellate Case Management System ("ACMS").

I certify that all participants in the case are registered ACMS users and that service will be accomplished by the ACMS system.

/s/ *Caroline E. Reynolds*
Caroline E. Reynolds